UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

ANDRE CHEEVES, JAMARIO GILKES, SHAQUILLE REID and KEVIN WALCOTT,

                                  Plaintiffs,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER RONALD MONTAS, shield #6330, POLICE OFFICER FNU GONZALEZ, POLICE OFFICERS JANE/JOHN DOE(S) #s 1-10,

                                  Defendants.

---------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER**

13 CV 1272 (BMC)

        **WHEREAS**, plaintiffs have requested the production and use of documents that contain information deemed confidential or otherwise deemed inappropriate for public disclosure; and

        **WHEREAS**, defendants deem this information and these documents confidential; and

        **WHEREAS**, defendants object to the disclosure of this information and production of these documents unless appropriate protection for their confidentiality is assured;

        **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

        1.    As used herein, the "Action" shall mean the lawsuit captioned <u>Andre Cheeves, et al., v. The City of New York, et al.</u>, 13 CV 1272 (BMC).

        2.    "Confidential Materials" shall mean (a) any and all documents that contain any reference to or any information concerning the identity of the confidential informant who

Case 1:13-cv-01272-BMC Document 10 Filed 05/09/13 Page 2 of 7 PageID #: 59

[handwritten: *allegedly*] provided information to the New York City Police Department ("NYPD) regarding the presence of a firearm at 165 Grafton Street, Brooklyn, New York 11212, prior to or during the point at which defendants encountered plaintiffs on April 14, 2012, including, but not limited to any documents that reflect the identity of the confidential informant, the code name or number of the confidential informant, the address and/or phone number of the confidential informant, the occupation of the confidential informant, any information provided by the confidential informant to any member of the NYPD, the nature of any information provided by the confidential informant to any member of the NYPD and the name, address and/or phone number of any non-party witnesses who are related to and/or friends with the confidential informant; (b) documents that the parties agree are subject to this order, and (c) any documents that the Court directs to be produced subject to this order.

3. The documents and information described in paragraph 2 shall be designated "for attorney's eyes only" and shall not be disclosed to the individual plaintiffs.

4. Plaintiffs' attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiffs' case in the Action.

5. In order to designate documents or other material as "Confidential" within the meaning of this Protective order, defendants may affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or may designate such documents by title, Bates number or other method reasonably calculated to give plaintiffs' counsel notice of the confidentiality designation, in a writing directed to plaintiffs' attorneys. Defendants may designate as "Confidential" any documents or material pursuant to this Order within a reasonable time after production of such documents or material.

6. Confidential Materials shall not be disclosed to any person other than an attorney of record for plaintiffs or any member of the staff of plaintiffs' attorney's office, except under the following conditions:

 a. Disclosure may be made only if necessary to the preparation or presentation of plaintiffs' case in the Action.

 b. Disclosure before trial may be made only to an expert who has been retained or specially employed by plaintiffs' attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition, or to the Court.

 c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiffs' attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiffs' attorneys and copies provided to counsel for defendants.

7. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be either redacted or separately bound, with a cover page or redaction prominently marked "**CONFIDENTIAL**." Such portion of the

transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

8. The parties agree that, if any papers that incorporate Confidential Materials or reveal the contents thereof, are to be filed with the Court, the parties shall make a joint application to the Court for permission to file those papers under seal. Upon receipt of permission, the parties shall follow the District Court protocol for filing under seal.

9. However, where the confidential information is not material to issues addressed in court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of the confidential informant, the parties may file redacted documents without further order of the Court.

10. In addition, any party intending to use Confidential Materials at trial or any hearing, shall give prior notice to the Producing Party. Upon a showing that Confidential Materials may be disclosed at a hearing or at trial, the Court shall impose appropriate safeguards for the presentation of such Confidential Materials.

11. Nothing in this Stipulation and Protective Order shall preclude defendants from using the "Confidential Materials" in any manner.

12. The provisions of this Protective Order shall not apply to documents or other material designated as "Confidential Materials" to the extent that such documents or materials (a) are lawfully obtained from sources other than defendants, or (b) are otherwise publicly available.

13. Upon request by defendants' attorneys, within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials produced by

defendants, including all copies, all nonconforming copies, notes and other materials containing or referring to information derived therefrom, shall be returned to the producing party's attorneys, or upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the defendants' attorneys.

14. Plaintiffs' counsel shall keep the "Confidential Materials" for "attorney's-eyes-only" and such information shall be used only by the attorney or his law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall not be disclosed to plaintiffs, their family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

Dated: New York, New York
_____, 2013

David Zelman, Esq.
Attorney for Plaintiffs
612 Eastern Parkway
Brooklyn, New York 11225

By: _____
DAVID ZELMAN, ESQ.

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007

By: _____
BRIAN FRANCOLLA
Senior Counsel
Special Federal Litigation

SO ORDERED:   5/9/13

_____
U.S.D.J.

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Eastern District of New York in the action entitled <u>Andre Cheeves, et al., v. The City of New York, et al.</u>, 13 CV 1272 (BMC) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____
             Date                                      Signature

                                         _____
                                                     Print Name

                                         _____
                                                     Occupation

13 CV 1272 (BMC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANDRE CHEEVES, JAMARIO GILKES, SHAQUILLE REID and KEVIN WALCOTT,

                          Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER RONALD MONTAS, shield #6330, POLICE OFFICER FNU GONZALEZ, POLICE OFFICERS JANE/JOHN DOE(S) #s 1-10,

                          Defendants.

## STIPULATION AND PROTECTIVE ORDER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: Brian Francolla*

Tel: (212) 788-0988
NYCLIS No.

Due and timely service is hereby admitted.

New York, N.Y. ......................................... , 2013

................................................................ Esq.

Attorney for City of New York