UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
––––––––––––––––––––––––––––––––––––––––X

ANDRE CHEEVES, JAMARIO GILKES,
SHAQUILLE REID and KEVIN WALCOTT,

                        Plaintiffs,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER
RONALD MONTAS, shield #6330, POLICE
OFFICER ANTHONY GONZALEZ, Tax #934943
SERGEANT JAMES GRILLO, Tax #922454,
POLICE OFFICERS JANE/JOHN DOE(S) #s 1-10,

                        Defendants.
––––––––––––––––––––––––––––––––––––––––X

**AMENDED COMPLAINT**

PLAINTIFFS DEMAND
TRIAL BY JURY

Case No.: 13-CV-1272

PLAINTIFFS ANDRE CHEEVES, JAMARIO GILKES, SHAQUILLE REID and KEVIN WALCOTT, by their attorney DAVID A. ZELMAN, ESQ., for their COMPLAINT, allege upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which ANDRE CHEEVES, JAMARIO GILKES, SHAQUILLE REID and KEVIN WALCOTT (hereinafter "Plaintiffs") seek damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about April 14, 2012, at approximately 1:00 A.M. in front of 165 Grafton Street, Brooklyn, NY Plaintiffs were falsely arrested by Defendants, including, but not limited to, POLICE OFFICER RONALD MONTAS, shield #6330, POLICE OFFICER ANTHONY GONZALEZ, Tax #934943, SERGEANT JAMES GRILLO, Tax #922454, and POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "Defendants"). It is alleged that Defendants falsely arrested and searched Plaintiffs in violation of their constitutional

rights. As a result of the violation of their constitutional rights, Plaintiffs suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFFS' state law claims.

## III. PARTIES

3. ANDRE CHEEVES (hereinafter "CHEEVES") at all times relevant hereto resided in Kings County, New York.

4. JAMARIO GILKES (hereinafter "GILKES") at all times relevant hereto resided in Kings County, New York.

5. SHAQUILLE REID (hereinafter "REID") at all times relevant hereto resided in Kings County, New York.

6. KEVIN WALCOTT (hereinafter "WALCOTT") at all times relevant hereto resided in Kings County, New York.

7. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

8. Defendant POLICE OFFICER RONALD MONTAS, shield #6330 (hereinafter "MONTAS") was an NYPD police officer, and at all times relevant hereto, acted in that

      capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MONTAS is sued in his official and individual capacity.

9. Defendant POLICE OFFICER ANTHONY GONZALEZ, Tax #934943 (hereinafter "GONZALEZ") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. GONZALEZ is sued in his official and individual capacity.

10. Defendant SERGEANT JAMES GRILLO, Tax #922454 (hereinafter "GRILLO") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. GRILLO is sued in his official and individual capacity.

11. Defendants POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

12. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

13. On or about April 14, 2012 at approximately 1 A.M., Plaintiffs were sitting on the porch at 165 Grafton Street, Brooklyn, New York.

3

14. Police officers, including MONTAS, GONZALEZ, and GRILLO, approached the porch and searched Plaintiffs' persons. The officers then detained Plaintiffs while they searched the porch.

15. Upon information and belief, Defendants found no contraband on Plaintiffs or on the porch; however, Plaintiffs were arrested, placed in a police van, and transported to the 73rd Precinct.

16. At the precinct, Plaintiffs were strip searched by officers.

17. Plaintiffs were each issued a summons for Disorderly Conduct – Obscene Language. Plaintiffs were held at the precinct for approximately 2.5 hours before being released on their own recognizance.

18. All charges against Plaintiffs were dismissed before Plaintiffs were required to appear in court.

19. On the 10th day of July, 2012, Plaintiffs' Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiffs, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

20. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

21. Paragraphs 1 through 20 of this complaint are hereby realleged and incorporated by reference herein.

22. That Defendants had neither valid evidence for Plaintiffs' arrest nor legal cause or excuse to seize and detain them.

23. That in detaining Plaintiffs without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. Plaintiffs were but three of those persons.

24. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

25. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

26. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

27. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to an unlawful detention, in violation of the Fourth and

Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

28. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

29. Paragraphs 1 through 28 are hereby realleged and incorporated by reference herein.

30. That the seizure, detention and imprisonment of Plaintiffs was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

31. That Defendants intended to confine Plaintiffs.

32. That Plaintiffs were conscious of the confinement and did not consent to it.

33. That the confinement was not otherwise privileged.

34. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiffs' rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

35. That by reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL STRIP SEARCH)

36. Paragraphs 1 through 35 are hereby realleged and incorporated by reference herein.

37. That Defendants strip searched Plaintiffs absent a requisite reasonable suspicion that Plaintiffs were concealing weapons or contraband.

6

38. That Defendants had no legally sufficient cause to strip search Plaintiffs.

39. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to an illegal strip search, in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

40. As a result of the above constitutionally impermissible conduct, plaintiffs were caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

### VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (ILLEGAL STRIP SEARCH)

41. Paragraphs 1 through 40 are hereby realleged and incorporated by reference herein.

42. That Defendants strip searched Plaintiffs absent a requisite reasonable suspicion that Plaintiffs were concealing weapons or contraband.

43. That Defendants had no legally sufficient cause to strip search Plaintiffs.

44. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to an illegal strip search violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

45. As a result of the above constitutionally impermissible conduct, plaintiffs were caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

46. Paragraphs 1 through 45 are hereby realleged and incorporated by reference herein.

47. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

48. That at all times Defendants were acting within the scope of their employment.

49. That Defendant CITY was able to exercise control over Defendants activities.

50. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1. Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiffs interest from April 14, 2012;

4. Awarding Plaintiffs reasonable attorneys' fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED: Brooklyn, New York
May 30, 2013

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

ANDRE CHEEVES, JAMARIO GILKES,
SHAQUILLE REID and KEVIN WALCOTT,

                Plaintiffs,

  -against-                                 Case No.: 13-CV-1272

THE CITY OF NEW YORK, POLICE OFFICER
RONALD MONTAS, shield #6330, POLICE
OFFICER ANTHONY GONZALEZ, Tax #934943
SERGEANT JAMES GRILLO, Tax #922454,
POLICE OFFICERS JANE/JOHN DOE(S) #s 1-10,

                Defendants.
_____X

## AMENDED COMPLAINT

LAW OFFICE OF DAVID A. ZELMAN
ATTORNEY FOR PLAINTIFFS
612 Eastern Parkway
Brooklyn, NY 11225
Tel: 718-604-3072
Fax: 718-604-3074